# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **GUADALUPE BETANCOURT, Individually,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Case No. SA10CA0029XR** |
| **v.** | : | |
| | : | |
| **INGRAM PARK MALL, L.P., A Foreign** | : | |
| **Limited Partnership,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## DEFENDANT, INGRAM PARK MALL, L.P.'S, MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, INGRAM PARK MALL, L.P. ("Defendant"), moves to dismiss the Complaint of Plaintiff, GUADALUPE BETANCOURT ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and states as follows:

## I.        BACKGROUND

On January 15, 2010, Plaintiff filed her Complaint in this action alleging that Defendant is in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). [Doc. 1.] Plaintiff allegedly "is a Kansas resident . . . and qualifies as an individual with disabilities as defined by the ADA" because Plaintiff has a mobility impairment. [Doc. 1 at ¶ 1.] The Ingram Park Mall (the "Mall") is located in San Antonio, Texas. [Doc. 1 at ¶ 2.] Plaintiff alleges that she visited the Mall and encountered certain architectural barriers which discriminate against her on the basis of her disability. [Doc. 1 at ¶ 5.] Plaintiff allegedly plans to return to the Mall to: (1) "avail herself of the goods and services offered to the public at the property;" and (2), as a "tester" in order "to determine whether the property has been made ADA compliant." [Doc. 1 at ¶ 5.] Plaintiff then alleges that she will "suffer direct and indirect injury as the result of

Defendant's discrimination" and that there is a "realistic" and "continuing threat of discrimination" from Defendant's non-compliance because she "desires" to visit the Mall in the future. [Doc. 1 at ¶¶ 6-8.] Finally, Plaintiff sets forth a "non-exclusive" list of architectural barriers which allegedly do not comply with the ADA and seeks declaratory relief, injunctive relief, and an award of attorneys' fees. [Doc. 1 at ¶¶ 10-16.]

## II.   ARGUMENT

The Complaint should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1) because Plaintiff does not have standing to bring this action. The Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted. At a minimum, Plaintiff should be limited to the specific claims listed in the Complaint that relate to her disability.

## A.   PLAINTIFF DOES NOT HAVE STANDING TO BRING THIS ACTION.

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. *E.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). The requirement that a plaintiff have standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560. Accordingly, a plaintiff must demonstrate the existence of three elements: (i) a <u>concrete</u>, particularized <u>injury-in-fact</u>; (ii) causation; and (iii) redressability. *Id.* at 560-561 (emphasis added). If seeking injunctive relief, a plaintiff must demonstrate that there is a non-speculative, <u>immediate</u> danger of <u>repeated</u> <u>future</u> injury. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (emphasis added); *Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1333 (N.D. Cal. 1994). The party invoking federal jurisdiction always bears the burden of establishing standing. *Lujan*, 504 U.S. at 561.

In the context of Title III claims, the injury-in-fact element is only satisfied if the plaintiff is likely to return to the defendant's business; otherwise, no real threat of future harm exists.

*Access 4 All, Inc. v. Wintergreen Comm'r P'shp., LTD*, 2005 WL 2989307, *3 (N.D. Tex. 2005);

*Benavides v. Laredo Med. Ctr.*, 2009 WL 1755004, *4 (S.D. Tex. 2009).   An ADA plaintiff

cannot manufacture standing by generally alleging that she intends to return to the defendant's

facility.  *See, e.g., Access for Am., Inc. v. Associated Out-Door Clubs, Inc.*, 2006 WL 1746890,

*1 (11th Cir. 2006) (an allegation that the plaintiff would return "someday" is insufficient);

*Disabled Patriots of Am., Inc. v. City of Trenton*, 2008 WL 4416459, *3 (D.N.J 2008) (same);

*Access for the Disabled, Inc. v. Rosof*, 2005 WL 3556046, *2 (M.D. Fla. 2005) (allegations that

the plaintiff intended to return in the "near future" were too speculative).  Instead, the Court must

determine whether the plaintiff is likely to return to the defendant's business by examining

several factors, including: "(1) the proximity of the defendant's business to the plaintiff's

residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definitiveness of

the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant."

*Wintergreen*, 2005 WL 2989307 at *3.  Applying these factors to the Complaint in this case

reveals that Plaintiff does not have standing to bring this action.[1]

## 1.     The Plaintiff Does Not Reside Within A Reasonable Proximity To The Mall.

First, the Court should consider "the proximity of the defendant's business to the

plaintiff's residence"  *Wintergreen*, 2005 WL 2989307 at *3.  "As the distance between a

plaintiff's residence and a public accommodation increases, the likelihood of future harm

decreases."  *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163-64 (C.D. Cal. 2005).  Courts

have consistently found that a considerable distance, especially over 100 miles, weighs heavily

against a finding of standing.  *See, e.g, Trenton*, 2008 WL 4416459 at *4 (Ohio plaintiff who

---

[1] Challenges to a court's subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) must be addressed before any other issues because the court must have jurisdiction in order to determine the validity of a plaintiff's  claims. *E.g., Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).  When faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(1), "the court is given the authority to resolve factual disputes, along with the discretion to devise a method for making a determination with regard to the jurisdictional issue." *Id.*

lived more than 100 miles from property located in New Jersey failed to plead sufficient standing); *Judy v. Pinhgue*, 2009 WL 4261389, *2 (S.D. Ohio 2009) (Florida plaintiff lacked standing to sue an Ohio business located over 100 miles away); *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1114 (C.D. Cal. 2005) (plaintiff who lived over 500 miles away from the defendant restaurant lacked standing); *Brown v. Grandmother's, Inc.*, 2010 WL 61100, *8 (D. Neb. 2010) (plaintiff who lived 102 miles away from a the defendant's restaurant lacked standing); *Brother v. Tiger Partner, LLC,* 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004) (plaintiff lacked standing, in part, because he lived 280 miles from hotel); *Molski*, 405 F.Supp.2d at 1164 (plaintiff that lived 104 miles from a winery lacked standing); *Rosenkrantz v. Markopoulos*, 254 F. Supp. 2d 1250, 1253 (M.D. Fla. 2003) (Miami plaintiff lacked standing to sue a hotel located hundreds of miles away in Clearwater, Florida, even though relatives resided 20 miles away); *Access 4 All v. Oak Spring, Inc*., 2005 WL 1212663, *5 (M.D. Fla. 2005) (plaintiff that lived five hours from hotel lacked standing); *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1216 (S.D. Cal. 2007) (plaintiff lacked standing to sue gas station when he lived hundreds of miles away, even though his brother lived near station and he liked the brand of gasoline).

The proximity factor is especially important when the business at issue is not a tourist destination, such as a hotel. *See Trenton*, 2008 WL 4416459, *4. For instance, in *Trenton*, the court found it that is was unlikely that the plaintiff would travel to a different state to visit certain community services facilities because, unlike hotels and restaurants, these types of facilities did not usually attract tourists. *Id.*; *cf. Wintergreen*, 2005 WL 2989307 at *4 (recognizing that large distances are less meaningful if the destination is a hotel).

In this case, Plaintiff resides in Kansas. [Doc. 1 at ¶ 1.] Amazingly, Plaintiff is alleging that she plans to return to the Mall, which is located in Texas, to shop at the same stores

available to her in Kansas.  [Doc. 1 at ¶¶ 2-5.]  While Plaintiff's specific address is not provided

in the Complaint, it is axiomatic that the Kansas boarder is approximately 500 miles from the

Mall.  This considerable distance is especially relevant because the Mall is not a tourist attraction

such as a hotel or a resort.  Plaintiff's transparent allegations that she has future plans to travel

over 500 miles to shop at a mall is patently insufficient to establish standing.[2]

> **2.      Plaintiff Does Not Allege A Sufficient History of Past Patronage.**

The next factor that the Court should consider is "the plaintiff's past patronage of the

defendant's business."  *Wintergreen*, 2005 WL 2989307 at *3.  While a single visit does not

preclude a finding of standing, "the lack of a history of past patronage seems to negate the

possibility of future injury at that particular location." *Molski*, 405 F. Supp. 2d at 1164; *accord*

*Parr v. L & L Drive-Inn Rest,* 96 F. Supp. 2d 1065, 1079 (D. Haw. 2000).  If a plaintiff visited

the defendant's business only once, there is a presumption against future injury unless the causal

connection is explained.  *See Trenton*, 2008 WL 4416459 at *5.  Moreover, the failure to provide

dates or describe the purposes for any alleged prior visits "casts doubt" on whether a plaintiff

will ever patronize a location in the future.  *Brown v. Grand Island Mall Holdings, LTD.*, 2010

WL 489531, *4 (D. Neb. 2010).

In this case, the Complaint merely states that "Plaintiff has visited the Property."  [Doc. 1

at ¶ 5.]  Plaintiff fails to allege how may times she has visited the property, the date(s) she visited

---

[2]   In reality, Plaintiff is a professional ADA litigator who has no real intention to shop at malls located in Texas. Plaintiff has filed 4 different ADA complaints with this Court against mall properties are located in Texas and owned by Simon Property Group, Inc. (or a related or affiliated entity): *Betancourt v. Ingram Park Mall, L.P.*, Case No. SA10CA0029XR, regarding the Ingram Park Mall located at 6301 N.W. Loop 410, San Antonio, Texas; *Betancourt v. Simon Property Group*, Case No. A10CA033LY, regarding the Gateway Shopping Center located at 9607 Research Blvd., Austin, Texas; *Betancourt v. Simon Property Group*, Case No. SA10CA0017FB, regarding the Rolling Oaks Mall located at 6909 North Loop East, San Antonio, Texas; and *Betancourt v. Simon Property Group*, Case No. A10CA047LY, regarding the Lakeline Mall, 11200 Lakeline Mall Drive, Cedar Park, Texas. Remarkably, Plaintiff claims to have an intention to travel over 500 miles to visit each. Surely Plaintiff's "desire" to visit a shopping mall does not require traveling from Kansas to Texas, and then traversing the entire state of Texas.

or purpose(s) of any such visit(s).  Accordingly, Plaintiff's lack of past patronage demonstrates that it is not likely that Plaintiff will return to the Mall and that Plaintiff does not have standing.

> **3.      Plaintiff Does Not Have Sufficiently Definitive Plans To Return To The Mall.**

The third factor is "the definitiveness of the plaintiff's plans to return."  *Wintergreen*, 2005 WL 2989307 at *3.  A plaintiff's general desire to return to the defendant's business, without any continuing connection to the area, does not establish standing. *See id.; Dempsey v. Pete's Beef N Beer*, LLC, 2009 WL 3584597, *5 (D.N.J. 2009) (a general desire to return is insufficient to establish standing); *Trenton*, 2008 WL 4416459 at *6 (no standing where the plaintiff alleged a general intent to visit the defendant's business but had no familial or business ties in the area).  In particular, an allegation that the plaintiff "plans to return to the property to avail himself of the goods and services offered to the public at the property" does not establish standing. *Wintergreen*,  2005 WL 2989307 at *4.  Moreover, an alleged desire to visit a business is not credible where that specific desire could be fulfilled at multiple locations.  *See Freydel v. New York Hosp.*, 2000 WL 1836755,  *6 (2nd Cir. 2000) (plaintiff lacked standing to sue a hospital where there were a number of hospitals located closer to the plaintiff's home); *Judy*, 2009 WL 4261389 at *4 (plaintiff lacked standing where his desire to eat at a particular chain restaurant could have been fulfilled "at any number of locations").

In this case, Plaintiff alleges that she "plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant," [Doc. 1 at ¶ 5], and that she "desires to visit" the Mall.  [Doc. 1 at ¶ 8.]  Other than her alleged "plans" and "desire," Plaintiff offers no explanation about her purported intentions to return to the Mall, which is located hundreds of miles away from her home state of Kansas, and does not allege that she has any specific trip planned or that she has any reason to travel to San Antonio, Texas.  Instead, Plaintiff's vague plan to return is the precise

type of allegation that the court in *Wintergreen* found insufficient to establish standing. Furthermore, just like the plaintiff in *Judy,* Plaintiff's general desire to visit a shopping center could undoubtedly be fulfilled at any number of shopping centers located closer to Plaintiff's home in Kansas.[3] *See Grand Island Mall Holdings, Ltd.*, 2010 WL 489531 at *4 (plaintiff lacked standing to sue a mall where she did not indicate that "she is often in the vicinity of the shopping center" or that "she generally shops for herself or is interested in any of the products or services (whatever they may be) that are provided" at the mall).

### 4.    It Is Not Likely That Plaintiff Will Frequently Travel Near The Mall.

The final factor the court should consider to determine standing is: "the plaintiff's frequency of travel near the defendant." *Wintergreen*, 2005 WL 2989307 at *3.   A naked allegation that the plaintiff "frequently travels" near the defendants' business is insufficient to establish standing.  *Id*. at *4.  Failing to provide information regarding frequency of travel near the defendant's business militates against finding standing.  *Trenton*, 2008 WL 4416459 at *6; *Grand Island Mall Holdings, Ltd.*, 2010 WL 489531 at *4.  In this case, Plaintiff does not even allege that she frequently travels in the vicinity of the Mall, let alone explain such travel.  As a result, the Plaintiff does not have standing to pursue this action.

### 5.    Plaintiff's Allegations That She Is A "Tester" Does Not Create Standing.

Finally, Plaintiff attempts to manufacture standing by alleging that she is a "tester" and that she desires to visit the Mall to ensure ADA compliance.  [Doc. 1 at ¶¶ 5-8.]  However, courts have routinely found that a plaintiff may not create standing where it otherwise does not exist simply by alleging that she is a "tester" to ensure compliance.  *See*, *e.g.*, *Kramer v. Midacamo*, 656 F. Supp. 2d 740, 747 (N.D. Ohio 2009); *Judy*, 2009 WL 4261389 at *5; *Rosof*, 2005 WL 3556046 at *3; *Trenton*, 2008 WL 4416459 at *5-6; *see also Armstrong v. Turner*

---

[3] There are multiple malls located in Kansas.

*Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) (finding, in a Title I case, that an allegation that plaintiffs were "testers" was "clearly insufficient under well-established law to support standing to seek an injunction.").   Accordingly, Plaintiff's allegation that she is a "tester" does not satisfy her burden of demonstrating standing.   Due to Plaintiff's clear lack of standing, the Complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

**B.     PLAINTIFF FAILED TO PLEAD AS REQUIRED BY *TWOMBLY*.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted.   A motion to dismiss should be granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level."   *Id*. (citations omitted).[4]   "First, the Court identifies conclusory allegations and proceeds to disregard them, for they are 'not entitled to the assumption of truth.'"   *Jennings v. AT&T Mobility LLC*, 2009 U.S. Dist. LEXIS 117316, *3 (E.D. Tex. 2009) (citations omitted). "Second, the Court 'consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief.'"   *Id*.

In this case, the Plaintiff has not plead the Complaint with the level of specificity required by *Twombly*.   Plaintiff alleges, in conclusory fashion, that she "has visited the property," she has been discriminated against by being denied access to the Mall, she "plans" and "desires" to return to the Mall, and that there is a "continuing threat of discrimination."   [Doc. 1 at ¶¶ 5-12.]

---

[4] Until the recent Supreme Court decision in *Twombly*, courts typically followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, *Twombly* abrogated *Conley* and "expounded the pleading standard for all civil actions." *Ashcroft v. Iqbal*, 29 S.Ct. 1937, 1945-53 (2009).

These allegations are not entitled to the assumption of truth and should be disregarded because they are merely conclusions and formulaic recitations of the elements of a cause of action.  *See Twombly*, 550 U.S. at 555; *Jennings*, 2009 U.S. Dist. LEXIS 117316 at *3.  Without the above allegations, Plaintiff fails to sufficiently plead how she was denied full and equal treatment or the existence of any real threat of future injury.  Consequently, the Complaint does not contain the requisite factual allegations to demonstrate standing or plead a prime facie case for violation of the ADA.

**C.      AT A MINIMUM, PLAINTIFF'S STANDING SHOULD BE LIMITED TO THE CLAIMS IN THE COMPLAINT THAT ARE RELATED TO HER DISABILITY.**

When a plaintiff sues to bring property into ADA compliance, that plaintiff does not have "carte blanche standing to pursue Title III claims that every disabled person may have against [the defendant]."  *Ass'n for Disabled Americans, Inc. v. 7-Eleven, Inc.*, 2002 WL 546478, *4 (N.D. Texas 2002).  At most, plaintiffs have standing to pursue claims related to their <u>specific disability</u>.  *Id.*; *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (requiring the plaintiff to be "among the injured" for alleged ADA violations); *Ass'n for Disabled Americans, Inc. v. Claypool Holdings LLC*, 2001 U.S. Dist. LEXIS 23729, *68-69 (S.D. Ind. 2001) (limiting a plaintiff's standing to the barriers raised in the complaint related to his disabilities).  Additionally, plaintiffs suing under Title III are limited to the specific barriers identified <u>in the Complaint</u>.  *See Johnson v. Kriplani*, 2008 U.S. Dist. LEXIS 51908, *10-11 (E.D. Cal. 2008) (finding that a plaintiff was "limited to the specific ADA violations pled in his complaint" and "lack[ed] standing to assert new ADA violations that were discovered during  the discovery period but not specifically pled in his complaint.")*; accord Macourt v. Goodwill Indus.- Manasota, Inc.*, 220 F.R.D. 377, 379 (M.D. Fla. 2003).

In this case, in the event that the Court determines that Plaintiff has standing and that the Complaint sufficiently states a claim upon which relief can be granted, Plaintiff should be limited to the specific claims in the Complaint and only those related to her disability (mobility). [Doc. 1 at ¶ 1.] Among other things, Plaintiff seeks an inspection of the Mall "in order to determine all of the areas of non-compliance with the Americans with Disabilities Act." [Doc. 1 at ¶ 11.] If Plaintiff is not yet aware of an alleged non-compliance, then Plaintiff has not suffered an injury in fact and has no standing to assert any such claims.

## III.   RULE CV-7(H) CERTIFICATION

Prior to filing this motion, the undersigned contacted counsel for the Plaintiff, Pete M. Monismith, to resolve the issues raised herein but the parties were unable to reach a resolution.

## IV.   CONCLUSION

**WHEREFORE**, Defendant, INGRAM PARK MALL, L.P., moves the Court to dismiss, with prejudice, the Complaint in its entirety, award Defendant its reasonable attorneys' fees and costs, and award Defendant such other relief as it deems just and proper.

Dated:  March 29, 2010

Respectfully submitted,
**BAKER & HOSTETLER LLP**
*/s/  Farrell A. Hochmuth*
 (State Bar No. 24041107)
1000 Louisiana, Suite 2000
Houston, Texas  77002-5018
713.751.1600 (Telephone)
713.751.1717 (Facsimile)
*Attorneys for Defendant*
 INGRAM PARK MALL, L.P.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 29, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Thomas B. Bacon, P.A., 4868 S.W. 103rd Ave., Cooper City, FL  33328; and Pete M. Monismith, 1710 Quarry Lane, Apollo, PA  15613, Counsel for the Plaintiff.

*/s/  Farrell A. Hochmuth*