UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| GUADALUPE BETANCOURT, Individually, | : |
| Plaintiff, | : |
| | : Case No. 5:10-cv-00029-XR |
| v. | : |
| INGRAM PARK MALL, L.P., A Foreign Limited Partnership, | : |
| Defendant. | : |

**DEFENDANT, INGRAM PARK MALL, L.P.'S, REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant, INGRAM PARK MALL, L.P. ("Defendant"), replies to Plaintiff's, GUADALUPE BETANCOURT ("Plaintiff"), Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, and states as follows:

**I.   THE COURT SHOULD APPLY DEFENDANT'S MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED COMPLAINT.**

On January 15, 2010, Plaintiff filed her Complaint in this action alleging that Defendant is in violation of the Americans with Disabilities Act ("ADA"). [Doc. 1.] On March 29, 2010, Defendant filed its Motion to Dismiss the Complaint because Plaintiff lacked standing to pursue this action. [Doc. 7.] Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss, with a supporting Affidavit, on April 26, 2010. [Docs. 9, 13.] That same day, Plaintiff also filed its First Amended Complaint, mooting the Complaint, Defendant's Motion to Dismiss, and Plaintiff's Response. [Doc. 10.] While it is unclear why Plaintiff contested the Motion to Dismiss, only to file an amended pleading later the same day, the First Amended Complaint suffers from the same deficiencies as the original Complaint and should be dismissed.

"An amended complaint supersedes the original complaint and renders it of no legal effect." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). However, "a motion to dismiss, which

attacks the original complaint for deficiencies that persist in the amended complaint, should not be denied as moot. Rather, the court should apply the motion to dismiss to the amended complaint." *People's Choice Home Loan, Inc. v. Mora*, 2007 WL 120006, *2 (N.D. Tex. 2007); *Holmes v. NFL*, 939 F. Supp. 517, 523 n.7 (N.D. Tex. 1996).  In this case, the First Amended Complaint does not cure any of the defects of the original Complaint.  In order to avoid dismissal, Plaintiff needed to establish a likelihood of returning to Defendant's facility by, among other things, pleading a concrete plan to return to the facility.  The First Amended Complaint fails to set forth any new allegations regarding these requirements.[1]  While Plaintiff's Response and Affidavit contain certain new assertions regarding Plaintiff's future intentions, the Response and Affidavit are no longer germane to the issue of whether Plaintiff has standing because Plaintiff filed the First Amended Complaint.  Thus, due to Plaintiff's continued failure to plead a likelihood of returning to the facility, the First Amended Complaint should be dismissed.

## II.     PLAINTIFF HAS STILL NOT SUFFICIENTLY DEMONSTRATED STANDING.

Even if the Court decides, in the interest of judicial economy, to consider Plaintiff's Affidavit in conjunction with the First Amended Complaint, Plaintiff still has not shown a likelihood of returning to Defendant's facility (i.e., injury-in-fact).  The majority of the Affidavit does nothing to bolster standing, but rather simply discusses the alleged ADA violations.  *See Doe v. National Bd. of Med. Exam'rs*, 199 F.3d 146, 153 (3d Cir. 1999)(the ADA standing analysis focuses on whether there is a concrete, particularized injury-in-fact, "not on whether a statute was violated").  Plaintiff's Affidavit actually contains only two additions related to

---

[1] The only "new" allegations set forth in the First Amended Complaint are found in paragraph 2, wherein Plaintiff sets forth a list of allegations relating to Defendant's purported disparate treatment of individuals depending on the location of their residence. [Doc. 13 ¶ 2.] These new allegations, while somewhat confusing, are entirely unrelated to the issue of standing. The First Amended Complaint actually sets forth the same vague "intent to return" allegations that were set forth in the original Complaint.  The *Wintergreen* Court found these exact allegations insufficient to establish standing.  *See Access 4 All, Inc. v. Wintergreen Comm'r P'shp., LTD*, 2005 WL 2989307, *4 (N.D. Tex. 2005).

standing: (i) Plaintiff asserts that she travels to the San Antonio and Austin area to visit family members who allegedly reside in the area; and (ii) Plaintiff asserts that she plans to visit the same area in the summer of 2011.  [Doc. 9 at p. 8; Doc. 13 ¶¶ 2-3.][2]  Neither of these statements establishes that it is likely Plaintiff will return to Defendant's facility.

Plaintiff's assertions that she sometimes travels to Texas to visit family members and that she plans to do so in the summer of 2011 merely present a reason for some potential future trip to Texas – they do not establish that it is likely Plaintiff will return to Defendant's facility.  The fact Plaintiff may occasionally visit a <u>relative</u> that resides in the same state as Defendant's facility does not establish a likelihood of returning to Defendant's facility.  *See Rosenkrantz v. Markopoulos*, 254 F. Supp. 2d 1250, 1253 (M.D. Fla. 2003)(plaintiff lacked standing where his sister-in-law lived twenty miles from the hotel and other hotels were closer to the sister-in-law's house); *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1114-15 (C.D. Cal. 2005)(the fact that the plaintiff frequently drove from Cottonwood, CA to visit his brother in San Diego did not give the him "standing to sue every public accommodation located" along the way); *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1216 (S.D. Cal. 2007)(plaintiff lacked standing to sue gas station where he lived hundreds of miles away even though his brother lived near station).  Moreover, Plaintiff continues to fail to provide information regarding the frequency of her travel near Defendant's facility, instead alleging only that she "frequently travels" to the area.  *See Access for the Disabled, Inc. v. Rosof*, 2005 WL 3556046, *2 (M.D. Fla. 2005)(an allegation that a plaintiff was a "frequent visitor" to the area did not establish standing); *Wilson v. Costco Wholesale Corp.*, 426 F.Supp.2d 1115, 1122 (S.D. Cal. 2006)(the fact that a plaintiff traveled to the city "at least three or four times a year" did not establish standing).

---

[2] These additional assertions are not contained in the First Amended Complaint, have not otherwise been pled, and were mooted by Plaintiff filing the First Amended Complaint

- 3 -

Next, Plaintiff's purported intent to visit the area <u>sometime in 2011</u> does not constitute a sufficiently definite and concrete plan to return to Defendant's facility. *See Tampa Bay Americans with Disabilities Assoc., Inc. v. Nancy Marke Gallery, Inc.*, 2007 WL 2066379, *2 (M.D. Fla. 2007)(plaintiff's stated intent to return the defendant's property "at least three or four times during the next twelve months" did not establish standing); *Rosof*, 2005 WL 3556046 at *2 (allegations that plaintiff intended to "visit the facility annually" and in "the near future" did not establish standing).  Finally, Plaintiff does not contest that her lack of past patronage negates the possibility of future injury at Defendant's facility.  [*See* Doc. 9 at p. 5.]

Instead of addressing the applicable *Wintergreen* factors[3], Plaintiff discusses at length a new form of standing for ADA claims, arguing that because she is being deprived of the "opportunity" to visit Defendant's facility and the ADA does not require a "futile gesture," she should not have to establish a concrete, particularized intent to return to the facility. [Doc. 9 at pp. 4-7.]  However, just because Plaintiff need not engage in the "futile gesture" of visiting a facility containing known barriers, Plaintiff must still show that she would visit Defendant's facility in the imminent future but for those barriers.  *E.g., Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000).  Plaintiff argues that she has standing as long as she is "deterred" from returning to the facility, but ignores the reality that she cannot be deterred from returning if she has no definitive plan to do so.  Plaintiff also argues that the *Wintergreen* factors somehow violate the Commerce Clause and the ADA but provides no support for these assertions [Doc. 9 at pp. 8-11] and ignores the reality that the *Wintergreen* factors have been roundly accepted by federal courts as the appropriate method to evaluate standing under the ADA.  [*See* Doc. 7.]

---

[3] Plaintiff's Response ignored most of the *Wintergreen* factors and focused solely on the distance between her residence, in Kansas, and Defendant's facility located in Texas. While the vast distance between Plaintiff's residence and Defendant's property certainly indicates that Plaintiff does not have standing, the other *Wintergreen* factors also support this result.

### III. PLAINTIFF APPLIES THE WRONG PLEADING STANDARD.

Plaintiff argues that its complaint "satisfies the liberal pleading requirements" and then incorrectly states that "it is well established that an ADA plaintiff is entitled to injunctive relief with respect to all violations, regardless of whether he actually encountered them, knew of them, or names them in his complaint." [Doc. 9 at p. 3.]  All of the cases cited for this incredibly broad statement involved the federal pleading standard prior to the Supreme Court's landmark decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Moreover, the cases Plaintiff cites do not even support her statement; rather, many courts limit plaintiffs to claims related to their <u>specific disability</u> and to the <u>specific barriers</u> <u>listed in the complaint</u>.  *E.g.*, *Brother v. CPL Investments, Inc.*, 317 F.Supp.2d 1358, 1368 (S.D. Fla. 2004); *Johnson v. Kriplani*, 2008 WL 2620378, *4 (E.D. Cal. 2008).

**WHEREFORE**, Defendant, INGRAM PARK MALL, L.P. requests that the Court dismiss, with prejudice, the First Amended Complaint in its entirety, and award Defendant its reasonable attorneys' fees, costs, and such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  May 7, 2010 | Respectfully submitted,<br>**BAKER & HOSTETLER LLP**<br>*/s/ Farrell A. Hochmuth*<br> (State Bar No. 24041107)<br>1000 Louisiana, Suite 2000<br>Houston, Texas  77002-5018<br>713.751.1600 (Telephone)<br>713.751.1717 (Facsimile)<br>*Attorneys for Defendant*<br>INGRAM PARK MALL, L.P. |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 7, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Pete M. Monismith, 1710 Quarry Lane, Apollo, PA  15613, Counsel for the Plaintiff.

*/s/ Farrell A. Hochmuth*

089191, 000076, 502866848.1